Filed 2/4/25  P. v. Sandoval CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID SANDOVAL, JR.,<br><br>Defendant and Appellant. | B333610<br><br>(Los Angeles County<br>Super. Ct. No. PA057123) |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant David Sandoval, Jr., appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6 (former § 1170.95).[1] Because defendant is ineligible for section 1172.6 relief as a matter of law, we affirm.

## BACKGROUND

I. *Preliminary Hearing*

The following evidence was adduced at defendant's preliminary hearing, held on April 16, 2007.

On the evening of January 27, 2006, Chris Alvarado (Alvarado) was in a car with his friend Shawn Bryant (Bryant) when Bryant received a phone call and parked his car in an alleyway. Cynthia Picco (Picco) came out, opened a gate, and led Alvarado and Bryant to an apartment. They went inside, and Picco shut the door.

Defendant and Daniel Lefler (Lefler) emerged from a hallway in the apartment. Defendant held a knife and a crowbar; Lefler held a shotgun. Lefler struck Bryant with the butt of the shotgun. Lefler and Bryant started wrestling on the ground. Defendant, still holding the knife and crowbar, "cornered" Alvarado in the dining room. Picco stood by the door.

When Alvarado took a step toward Bryant to help him, defendant told Alvarado to go back to the corner. Lefler and Bryant continued wrestling on the floor. Alvarado saw Lefler on

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no substantive change. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

top of Bryant, pinning him down.  Bryant swung a switchblade knife at Lefler.

On three or four occasions, defendant went over to Bryant, stabbed him multiple times with the knife, and struck him with the crowbar.  While stabbing and hitting Bryant, defendant repeatedly told him "[t]o turn cold."  Bryant died within seconds after the stabbing stopped.

The parties stipulated for purposes of the preliminary hearing that an autopsy report showed that Bryant died from multiple stab wounds.

II. *Charges*

In an information filed by the Los Angeles County District Attorney's Office, defendant, Lefler, and Picco were charged with the murder of Bryant (§ 187, subd. (a); count 1) and the false imprisonment of Alvarado by violence (§ 236; count 2).  The information alleged as to both counts that defendant and Lefler personally used a knife (§§ 12022, subd. (b)(1), 12022.5, subd. (a)) and that a principal was armed with a firearm (§ 12022, subd. (a)(1)).

III. *Plea and Sentencing*

At the same hearing held on February 2, 2009, defendant, Lefler, and Picco each pled no contest to voluntary manslaughter. (§ 192, subd. (a).)  As to the voluntary manslaughter, defendant admitted to personally using a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)); Lefler admitted to the personal use of a firearm (§ 12022.5, subd. (a)); and Picco admitted to being armed with a shotgun (§ 12022, subd. (a)(1)).  Picco also pled no contest to false imprisonment by violence.

The trial court sentenced defendant to serve 23 years, Leffler to 21 years, and Picco to 12 years eight months in state prison.

## IV. *Section 1172.6 Petition*

In September 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel to represent defendant in connection with the petition.

The People opposed the petition, arguing that the preliminary hearing transcript demonstrated that defendant was prosecuted as the actual perpetrator of the crime. As exhibits, the People attached transcripts of the preliminary hearing and the plea and sentencing hearing.

Defendant's appointed counsel filed a brief asserting that the record did not conclusively establish that defendant was ineligible for relief.

## V. *Trial Court's Ruling*

The trial court held a hearing on defendant's section 1172.6 petition in September 2023. At the beginning of the hearing, the court noted that Lefler and Picco were codefendants in this case and that "the record of conviction include[d] the preliminary hearing transcript—which was live testimony, not Prop 115—all of the court records in this case, the abstract of judgment as well as the plea transcript . . . ." The parties submitted on their briefing.

The trial court denied the petition, explaining: "In this case [defendant] was prosecuted as the actual perpetrator. The case involved first Mr. Lefler hitting Mr. Bryant with a shotgun, and then [defendant] came in. While the two were wrestling on the floor, [defendant] stabbed Mr. Bryant multiple times with a

4

knife.  So that's it.  He was the actual perpetrator.  Mr. Bryant died of stab wounds as was testified to at the preliminary hearing.  And so legally there was no way that any other co-defendant's state of mind can be imputed to [defendant] as he was stabbing Mr. Bryant.  He repeatedly told Mr. Bryant to turn cold.  I know he said that a few times."

The trial court continued:  "So for this particular motion, it just simply doesn't apply to [defendant]. . . .  [I]n other words, he could have been prosecuted for murder for his acts on that day even after the change in the law."

VI.  *Appeal*

Defendant timely appealed from the order denying his section 1172.6 petition.

## DISCUSSION

I.  *Relevant Law*

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) substantively amended sections 188 and 189 to "eliminate[] natural and probable consequences liability for murder as it applies to aiding and abetting[] and limit[] the scope of the felony-murder rule.  [Citations.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  The bill also added what is now section 1172.6 to provide "a procedural mechanism for defendants who could not be convicted of murder under the amended laws to seek retroactive relief.  [Citations.]" (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457.)  Senate Bill No. 775 (2021–2022 Reg. Sess.) subsequently expanded the class of defendants entitled to relief to those convicted of voluntary manslaughter.  (*People v. Lezama* (2024) 101 Cal.App.5th 583, 588.)

In order to obtain resentencing relief, a defendant must first allege that an information was filed against him allowing

5

the prosecution to proceed under either (1) a theory of murder under the felony murder rule, the natural and probable consequences doctrine, or any "other theory under which malice is imputed to a person based solely on that person's participation in a crime[,]" and/or (2) a theory of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1).) The defendant must also allege that he was convicted of murder, attempted murder, or manslaughter (§ 1172.6, subd. (a)(2)), and that he could not now be convicted "because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Upon the filing of a properly pleaded petition for resentencing, the trial court must conduct a prima facie analysis to determine the defendant's eligibility for relief. (§ 1172.6, subds. (b)(3) & (c); *People v. Strong* (2022) 13 Cal.5th 698, 708; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 960.) "[T]he . . . prima facie inquiry . . . is limited. . . . '"[T]he court takes [a] [defendant]'s factual allegations as true and makes a preliminary assessment regarding whether the [defendant] would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause"'" and set the matter of an evidentiary hearing. (*Lewis*, at p. 971.)

In making this assessment, the trial court may consider the defendant's record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.) However, "the court should not make credibility determinations or engage in 'factfinding

6

involving the weighing of evidence or the exercise of discretion.' [Citation.]"  (*Id.* at p. 974.)

When a defendant's conviction follows a plea rather than a trial, the record of conviction includes the transcript of the defendant's preliminary hearing if the transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted."  (*People v. Reed* (1996) 13 Cal.4th 217, 223 (*Reed*); see also *People v. Patton* (2023) 89 Cal.App.5th 649, 657 (*Patton*), review granted June 28, 2023, S279670.)

"Courts of Appeal are split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing under section 117[2.6]."  (*People v. Flores* (2022) 76 Cal.App.5th 974, 989 (*Flores*).)

Some courts have concluded that a trial court may properly rely on a preliminary hearing transcript to determine a defendant's prima facie eligibility for relief.  (See *People v. Mares* (2024) 99 Cal.App.5th 1158, 1167 (*Mares*), review granted May 1, 2024, S284232 [record of conviction, including preliminary hearing transcript, supported no theory other than defendant acted alone as the actual killer]; *People v. Pickett* (2023) 93 Cal.App.5th 982, 990–993, review granted Oct. 11, 2023, S281643 (*Pickett*) [courts can rely on preliminary hearing transcripts to determine prima facie eligibility even if a defendant does not stipulate to it as a factual basis for a plea]; *Patton, supra,* 89 Cal.App.5th at pp. 657–658 [court may rely on preliminary hearing transcript at prima facie stage if evidence contained therein is uncontroverted].)

Other courts have found it error to do so.  (See *People v. Alazar* (2024) 105 Cal.App.5th 1100, 1104, review granted Dec. 31, 2024, S287917 [a defendant who stipulates that the

preliminary hearing transcript contained a factual basis for a no contest plea "is not barred, as a matter of law, from resentencing pursuant to section 1172.6"]; *People v. Williams* (2024) 103 Cal.App.5th 375, review granted Sept. 11, 2024, S286314 [even if a preliminary hearing transcript provides probable cause that a defendant was the actual perpetrator, an information containing a generic charge of murder would still permit the prosecution to proceed at trial under an invalid theory of murder]; *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 [trial court erroneously relied on preliminary hearing transcript in making prima facie determination because defendant did not stipulate to the transcript as a factual basis for his plea].)

We are persuaded by the line of cases allowing trial courts to rely on preliminary hearing transcripts to assess whether a defendant has made a prima facie showing under section 1172.6. (See, e.g., *Mares*, *supra*, 99 Cal.App.5th 1158; *Pickett*, *supra*, 93 Cal.App.5th 982; *Patton*, *supra*, 89 Cal.App.5th 649.)

II. *Standard of Review*

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

III. *The Trial Court Did Not Err*

Applying these legal principles, we conclude that the trial court properly denied defendant's section 1172.6 petition because the record of conviction establishes that he is ineligible for resentencing as a matter of law.

As described above, a successful prima facie case for section 1172.6 relief requires a defendant to aver, inter alia, that he could no longer be convicted "because of" the 2019 changes to sections 188 and 189. (§ 1172.6, subd. (a)(3).) Those legislative

changes "did not affect actual killer theories." (*Mares, supra,* 99 Cal.App.5th at p. 1166.) It follows that "[a]s a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.' [Citations.]" (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973 (*Garcia*).)

Here, the record of conviction conclusively establishes that defendant was prosecuted and convicted as the actual killer of Bryant. The evidence adduced at the preliminary hearing—the transcript of which is a part of the record of conviction (*Reed, supra,* 13 Cal.4th at p. 223)—advanced only one theory of how Bryant was killed: Defendant stabbed Bryant multiple times with a knife, while repeatedly telling him "[t]o turn cold." Bryant died within seconds after defendant stopped stabbing him, which is consistent with the medical examiner's conclusion that Bryant's cause of death was multiple stab wounds. Defendant admitted to personally using a knife in the commission of the voluntary manslaughter. (§ 12022, subd. (b)(1).) Although codefendants Lefler and Picco were present at the scene of the killing and also pled no contest to voluntary manslaughter, neither admitted to any enhancement allegation regarding the use of a knife.

Thus, taken together, the preliminary hearing transcript and the specific pleas and admissions made by defendant, Lefler, and Picco, establish that only defendant was convicted as the direct perpetrator of the voluntary manslaughter. As the actual killer, he is ineligible for section 1172.6 relief as a matter of law. (See *Garcia, supra,* 82 Cal.App.5th at p. 973.)

Resisting this conclusion, defendant argues that "nothing in [the] record of conviction dispositively establishes the identity of the actual killer, and nothing in the information precluded the

9

prosecution from pursuing more than one theory of the case, including accomplice liability based on the natural and probable consequences doctrine or the felony murder rule." But the instant case is one in which "the record of conviction conclusively establishes the People were advancing only one theory of the crime at the time the defendant entered a plea." (*People v. Muhammad* (2024) 107 Cal.App.5th 268, 277 (*Muhammad*).) "[T]hat is the theory of the crime and, once . . . defendant enter[ed] a plea, the theory of the conviction. Whether the People could have landed on a different theory had there been no plea and the case had gone to trial is . . . not the question, since . . . defendant *did* enter a plea, and the People created a record that made only one theory available at the time of that plea." (*Ibid.*) Because "that sole theory is not invalid under current law, . . . defendant cannot meet the threshold requirement of section 1172.6." (*Ibid.*)

In his reply brief, defendant argues that Lefler's and Picco's pleas cannot be relied upon to deny defendant's section 1172.6 petition because they "are not part of [defendant]'s record of conviction" (italics omitted). In support, he cites *Flores*, *supra*, 76 Cal.App.5th at page 988, where the Court of Appeal explained that the opinion in a codefendant's direct appeal was not a part of the section 1172.6 petitioner's record of conviction. Here, however, Lefler's and Picco's pleas were entered at the same hearing where defendant pled no contest to voluntary manslaughter; the transcript of that single hearing is part of defendant's record of conviction.

Finally, defendant asserts that the trial court's denial of his petition without issuing an order to show cause and allowing him to present evidence at an evidentiary hearing violated his state

10

and federal procedural due process rights.  "A [section 1172.6] petitioner is entitled to an evidentiary hearing only if undisputed facts contained in the record of conviction do not demonstrate the petitioner's ineligibility for relief as a matter of law.  [Citations.]" (*Muhammad, supra,* 107 Cal.App.5th at p. 282.)  Here, we have concluded that the court did not err in finding that defendant was ineligible for relief as a matter of law; accordingly, he had no due process right to an evidentiary hearing.  (See *ibid.*)

## DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
RICHARDSON

11